IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LUIS ALONSO ANDINO DIAZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-146-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| UNITED STATES IMMIGRATION & | : | |
| CUSTOMS ENFORCEMENT, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief. (ECF No. 13.) Petitioner failed to respond to the motion to dismiss. For the reasons explained below, Respondent's motion should be granted.

### BACKGROUND

On May 14, 2013, Petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Interestingly, Petitioner is not challenging his current incarceration,[1] but is instead challenging his original order of removal from July 30, 1992. (Pet. for Writ of Habeas Corpus 2.) Petitioner states that he did not appeal the 1992 order of removal at that time. (*Id.* at 2-3.) He was initially removed to his home state of Honduras on August 10, 1992. (Resp't's Mem. in Supp. of Mot. to Dismiss Ex. E, ECF No. 13-6.)

---

[1] Petitioner was removed to Honduras on June 17, 2013, subsequent to Petitioner's filing of this action. (Resp't's Mem. in Supp. of Mot. to Dismiss Ex. I, ECF No. 13-10.)

Sometime thereafter, Petitioner re-entered the United States. On September 27, 2010, Petitioner was again removed to Honduras pursuant to his original order of removal. (Resp't's Mem. in Supp. of Mot. to Dismiss Ex. G, ECF No. 13-7.) On November 1, 2011, Immigration and Customs Enforcement (ICE) came across Petitioner in Florida. (Forbes Decl. ¶ 11, June 20, 2013, ECF No. 13-3.) Petitioner was discovered to be in possession of a firearm and was charged with illegal re-entry by an alien, felon in possession of a weapon, and alien in possession of a weapon. (*Id.*) Thereafter, Petitioner was convicted of all three charged crimes and was sentenced to twenty-one months incarceration. (*Id.* ¶ 13.) Petitioner was transferred into ICE custody at Stewart Detention Center after serving his sentence and was again removed to Honduras on June 17, 2013. (*Id.* ¶ 15; Resp't's Mem. in Supp. of Mot. to Dismiss Ex. I.)

Respondent filed the presently pending motion to dismiss on July 19, 2013. (ECF No. 13.) Petitioner failed to respond. This motion is now ripe for review.

## DISCUSSION

Petitioner moves for habeas relief claiming that his original order of removal from 1992 was invalid. (Pet. for Writ of Habeas Corpus 6-7.) This Court lacks jurisdiction to review Petitioner's final order of removal under the REAL ID Act. 8 U.S.C. § 1252. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance

>with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). There is an order of removal here that can only be reviewed initially by the Board of Immigration Appeals and then the Eleventh Circuit. This Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claims concerning whether his order for removal was legal or proper.

## CONCLUSION

For the reasons explained above, Respondent's motion to dismiss (ECF No. 13) should be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 28th day of October, 2013.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE